07-3685-cv(L), 08-3302-op(con)
Mercado v. One Beacon Insurance Group

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

Present:
  ROBERT A. KATZMANN,
  DEBRA ANN LIVINGSTON,
  GERARD E. LYNCH,
        *Circuit Judges*.

_____

JENNY MERCADO,

      *Plaintiff-Appellant,*

            v.                          Nos. 07-3685-cv(L), 08-3302-op(con)

ONE BEACON INSURANCE GROUP, MICHAEL J. ROSS, ROBERT J. SAMBRATO, JENNIFER N. SANTORO, KENNETH J. PAGANINI, ROBERT J. DOOLAN,

      *Defendants-Appellees.*

_____

For Plaintiff-Appellant:     PAUL J. MARGIOTTA, Bay Shore, NY

For Defendants-Appellees:    ROGER H. BRITON, Jackson Lewis LLP, Melville, NY


Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Jenny Mercado appeals from the judgment of the district court entered in favor of defendants following a jury trial. We assume the parties' familiarity with the facts and procedural history of the case.

Mercado argues that "[t]he trial judge abused his discretion when he interjected himself into the proceedings because he conducted inappropriate cross-examinations of witnesses as well as disrupted the flow of testimony." She further argues that the judge's impatience with her attorney was blatant and extensive to the point of being prejudicial. "In reviewing a challenge to a trial judge's conduct, we determine not whether the trial judge's conduct left something to be desired . . . but whether the judge's behavior was so prejudicial that it denied a party a fair, as opposed to a perfect, trial." *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 98 (2d Cir. 1998) (internal citation, quotation marks and alterations omitted). Trial judges may appropriately clarify legal and factual issues to minimize possible confusion in the jurors' minds. *Anderson v. Great Lakes Dredge & Dock Co.*, 509 F.2d 1119, 1131 (2d Cir. 1974). We have reviewed the transcript of the trial and conclude that Mercado's contentions lack merit. At all times, the trial judge conducted himself appropriately, interjecting only to clarify witnesses' statements or to cut off inappropriate testimony. While the trial judge expressed impatience with both attorneys, he did so out of the hearing of the jury and based on his legitimate concern with the attorneys'

performance. *See Shah*, 148 F.3d at 101 ("In our view, the remarks are indicative not of judicial bias, but rather of the judge's legitimate concern over the attorney's performance at trial."). The trial judge's behavior did not in any way prejudice Mercado's case.

Mercado further argues that the trial judge made several erroneous evidentiary rulings. This Court reviews evidentiary rulings for an abuse of discretion. *United States v. Kelley*, 551 F.3d 171, 174-75 (2d Cir. 2009). Mercado contends that the trial judge abused his discretion by allowing Defendants' Exhibit TTT-3, defendant Robert Sambrato's telephone records, into evidence because they had not been authenticated by the telephone company. The telephone records, however, were not offered to prove that they were the telephone company's actual records, but to show that One Beacon Insurance Group had conducted an investigation of Mercado's allegations that Sambrato had called her at her home. They were therefore properly authenticated by Sambrato's testimony that they were the records he provided to One Beacon Insurance Group. Mercado's other allegations with respect to erroneous evidentiary rulings similarly lack merit.

We have considered the remainder of Mercado's arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

<div style="margin-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

</div>